UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES, | No. 2:17-cv-2650 AC P |
| Plaintiff, | |
| v. | ORDER and |
| ELISTON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a Sacramento County Jail inmate proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). By order filed December 28, 2017, plaintiff was directed to submit, within thirty days, an application to proceed in forma pauperis or to pay the full filing fee. See ECF No. 3. The court informed plaintiff that "failure to comply with this order will result in a recommendation that this action be dismissed." Id. at 2.

Three months later, on March 29, 2018, plaintiff filed a "Motion to Dismiss Filing Fees," to enable plaintiff to use his "pro se funds . . . for discovery, to hopefully build a worthy case to present to The Awesome District Court." ECF No. 4. Shortly thereafter, plaintiff filed a "motion" requesting "$500.00 per month in pro se money to facilitate discovery and other advances" in this case. ECF No. 5. Both requests will be denied. Prisoners are required to pay

1

the full filing fee to commence a civil action, see 28 U.S.C. § 1915(b)(1), and the court has no authority to provide funds to pro se litigants for discovery or other litigation expenses.

More importantly, plaintiff has failed to comply with the court's December 28, 2017 order. Under some circumstances, a pro se litigant's failure to respond to an order of the court may warrant a reminder or order to show cause. Not in this case. Plaintiff has filed more than forty pro se cases in this court in less than a year, significantly contributing to the workload of the court. This context requires that plaintiff be held accountable for his responses – or failure to respond – to the court's orders.

Plaintiff's failure to abide by an order of this court authorizes the dismissal of this action under both the Local Rules and Federal Rules of Civil Procedure. Local Rule 110 provides that failure to comply with court orders or rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Similarly, the Federal Rules of Civil Procedure authorize dismissal of an action for failure to prosecute or to comply with the rules or orders of the court. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions requesting financial assistance in the pursuit of this action, ECF Nos. 4 & 5, are denied.

2. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to abide by an order of this court. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time

////

////

////

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: May 10, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE