UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JON HUMES, | No. 2:17-cv-2650 JAM AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER and |
| ELISTON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a Sacramento County Jail inmate proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

By order filed August 2, 2018, the undersigned recommended this action be dismissed due to plaintiff's failure to timely submit an application to proceed in forma pauperis or pay the filing fee. See ECF No. 13. On August 13, 2018, within the fourteen-day objection period set by the findings and recommendation, plaintiff filed an application to proceed in forma pauperis together with objections to the court's recommendation. See ECF Nos. 14, 15; see also ECF Nos. 16-9.

Now that plaintiff has submitted an application to proceed in forma pauperis, the undersigned vacates the prior findings and recommendations and addresses the merits of both plaintiff's application and his complaint filed December 20, 2017. For the reasons set forth

1

below, the court grants plaintiff's application to proceed in forma pauperis; finds that the complaint states a potentially cognizable claim of excessive force against Sacramento County Sheriff's Officer Eliston, and grants plaintiff leave to file a First Amended Complaint limited to refining that claim. The undersigned also recommends to the district judge that the remainder of plaintiff's putative claims and defendants be dismissed from this action.

II. In Forma Pauperis Application

Plaintiff's affidavit and prison trust account statement make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 14, will be granted. Plaintiff's subsequent requests, ECF Nos. 16, 18, will be denied as moot.

Plaintiff must still pay the statutory filing fee of $350.00 for this action, but may do so in installments. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

////

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    IV.  Screening of Plaintiff's Complaint

      A.  Plaintiff's Potentially Cognizable Claim

Within his "Claim I," plaintiff alleges that after Sacramento County Sheriff's Officer Eliston arrested and handcuffed plaintiff, "[h]e kept lifting my hands up behind me just to hear me howel [sic] in pain! And he'd laugh! It was such a terrible ordeal that I still have nightmares from it! . . . . And to this day, years later, my shoulder still hurts when I lift my arms!" ECF No. 1 at 4. Although no clear date is provided for the arrest, it may be April 25, 2017, when plaintiff alleges he was "pulled [] out of bed . . . for failing to register" as a sex offender. Id. at 6.

Although it is unclear whether plaintiff is currently a pretrial detainee or serving time based on a prior conviction and parole violation, Eighth Amendment legal standards guide the

3

court's analysis on his excessive force claim. The Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel or unusual punishment, applies to a pretrial detainee's claim of excessive force. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473-76 (2015). "[P]retrial detainees (unlike convicted prisoners) cannot be punished at all." Id. at 2475. The Due Process protections accorded pretrial detainees are "potentially more expansive" than those under the Eighth Amendment. Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) (citing Kingsley, 135 S. Ct. at 2475). Under the Fourteenth Amendment, "courts must use an objective standard" to decide whether "force deliberately used is . . . excessive," and "objective reasonableness turns on the 'facts and circumstances of each particular case.'" Kingsley, 135 S. Ct. at 2472-73 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). The following considerations "illustrate the types of objective circumstances potentially relevant to a determination of excessive force:" "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley at 2473.

Although plaintiff's allegations generally state a cognizable excessive force claim against Officer Eliston under these standards, regardless of plaintiff's incarceration status, his allegations lack specificity as to date, location, and circumstances. To meet the notice requirements of Rule 8(a), Federal Rules of Civil Procedure, plaintiff must provide more specificity demonstrating an affirmative link or connection between Eliston's challenged conduct and plaintiff's constitutional rights. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir.1982).[1]

////

---

[1] "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

### B. Allegations That Do Not Support Cognizable Claims

The remainder of the complaint identifies nine additional defendants, including two Placer County social workers (Lisa Garcia and Susan Miller); an investigator with the Placer County District Attorney's Office (Anna Duffy); the California Department of Justice; the Roseville Police Department; Placer and Sacramento Counties; the California Law Enforcement Telecommunications System (CLETS); and the Sacramento Sexual Assault Felony Enforcement (SAFE) Team. As previously alleged in the more than forty other cases plaintiff has filed in this court, plaintiff challenges his arrest and the underlying warrant based on his failure to comply with California's sex offender registration requirements, which resulted, inter alia, in the removal of plaintiff's daughter from his custody. Plaintiff maintains that his sex crime convictions were expunged by the Placer County Superior Court in 2012, and this released him from the registration requirements under "Kelly v. San Francisco Municipal Court [1958]." Plaintiff seeks $100,000,000 damages from each defendant based on myriad claims including the violation of plaintiff's rights to due process and to be free from cruel or unusual punishment.

At the outset, the undersigned notes that plaintiff's reliance on Kelly is misplaced. In Kelly v. Municipal Court of City & County of San Francisco, 160 Cal. App. 2d 38, 44 (1958), the First District California Court of Appeal held, sixty years ago, that the sex offender registration requirement under PC § 290 was "criminal in character" and thus imposed a penalty that would expire upon the defendant's fulfillment of all conditions of probation. However, the California courts have since held that "Kelly is no longer good law." People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (2014). Rather, "the subsequent enactment of section 290.5 evinces a legislative determination that the need for registration continues until the registrant obtains a certificate of rehabilitation or pardon." Id. "Indeed the Legislature enacted section 290.1 with Kelly in mind, specifically intending thereby to correct a perceived flaw in the registration statutes which allowed convicted sex offenders to avoid continuing compliance with registration requirements by obtaining an expungement of their convictions." People v. Fioretti, 54 Cal. App. 4th 1209, 1215 (1997). Therefore, Kelly does not support plaintiff's assertion that he was released from these registration requirements in 2012; nor does plaintiff assert, alternatively, that he received a

1  certificate of rehabilitation, as required by Hamdon, 225 Cal. App. 4th at 1073.

2  Moreover, this complaint, like most of the others filed by plaintiff, improperly seeks damages from defendants who are qualifiedly immune from suit absent a plausible showing of intentional misconduct, i.e., social workers Garcia and Miller, and investigator Duffy.[2] The instant complaint alleges no facts upon which to plausibly infer that, in initiating, investigating or pursuing a dependency petition on behalf of plaintiff's daughter and/or the warrant against plaintiff for failing to register, any of these putative defendants acted outside their authorized duties and responsibilities or made intentionally false or misleading allegations.

Also improper are plaintiff's claims for damages against numerous governmental and quasi-governmental entities without allegations showing a systemic policy, practice or custom of improper conduct. See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff challenges the conduct of these agencies – the California Department of Justice, the Roseville Police Department, the counties of Placer and Sacramento, the Sacramento Sexual Assault Felony Enforcement (SAFE) Team, and the California Law Enforcement Telecommunications System (CLETS) – only as it contributed to his own arrest and incarceration.

////

---

[2] "Social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." Meyers v. Contra Costa County Dept. of Social Services, 812 F.2d 1154, 1157 (9th Cir.1987). Absolute immunity is granted to state actors "only for those functions that were critical to the judicial process itself, such as "'initiating a prosecution.'" Miller v. Gammie, 335 F.3d 889, 896 (9th Cir. 2003) (en banc) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). However, "social workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." Tamas v. Dep't of Social & Health Services, 630 F.3d 833, 842 (9th Cir. 2010) (citations omitted). "To the extent . . . that social workers . . . make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available." Miller, 335 F.3d at 898. "As prosecutors and others investigating criminal matters have no absolute immunity for their investigatory conduct, *a fortiori*, social workers conducting investigations have no such immunity." Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008). Social workers are entitled only to qualified immunity "from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute." Id. (quoting Miller, 335 F. 3d at 898); see also Haldeman v. Golden, 359 Fed. Appx. 777, 779 (9th Cir. 2009) (social workers were "entitled to qualified immunity against claims that they deliberately falsified evidence" of parental sexual abuse).

6

Finally, although the complaint does not specify whether plaintiff is currently serving a sentence based on a conviction stemming from the challenged warrant, or is awaiting trial on the matter, under either scenario this action is precluded for the following additional reasons. If plaintiff is awaiting trial then, under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), a federal court may not interfere with the pending state criminal case. <u>Younger</u> abstention is required if four requirements are satisfied: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that <u>Younger</u> disapproves." <u>San Jose Silicon Valley</u>, 546 F.3d at 1092 (citing <u>Gilbertson v. Albright</u>, 381 F.3d 965, 978 (9th Cir. 2004) (en banc), and <u>AmerisourceBergen Corp. v. Roden</u>, 495 F.3d 1143, 1149 (9th Cir. 2007)). If plaintiff is awaiting trial, application of these factors would require this court to abstain from considering plaintiff's claims in this federal civil rights action, and thus require dismissal.

On the other hand, if plaintiff is currently serving time following a conviction, then this damages action is barred by the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). A prisoner may not proceed under Section 1983 if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487. If plaintiff is serving a sentence based on a challenged conviction, then he is foreclosed from proceeding in this damages action without proof that his conviction or sentence have been reversed, expunged or invalidated. <u>Id.</u> at 486-87. This scenario would also require dismissal of this action.

For these several reasons, the undersigned recommends dismissal of all putative claims and defendants set forth in the original complaint, with the exception of plaintiff's excessive force claim against defendant Eliston.

    IV.    <u>Leave to File a First Amended Complaint</u>

Subject to the legal standards set forth above, plaintiff may file a proposed First Amended Complaint (FAC) within thirty days after service of this order. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned

this case. The FAC must be complete in itself without reference to any prior pleading. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading is superseded. The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

Leave to amend is limited to plaintiff's excessive force claim against Officer Eliston regarding his arrest.

VI.     Summary for Pro Se Litigant

You have been granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint and found that your allegations state a potential claim for the use of excessive force against Officer Eliston. However, the complaint does not have enough details about what happened when Officer Eliston arrested you. The complaint must specify the "who, when, where, what and how" of the challenged conduct. The court has informed you of the legal standards for an excessive force claim, and the need to link your factual allegations with your legal claims. You have been granted leave to file a First Amended Complaint, limited to your excessive force claim against defendant Eliston, within thirty days.

The court has recommended that all other putative claims and defendants be dismissed.

VII.    Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The undersigned's findings and recommendations filed August 2, 2018, ECF No. 13, are vacated.

2. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 14, is granted; plaintiff's subsequent motions, ECF Nos. 16 & 18, are denied as moot.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

4. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the limitations and legal standards set forth herein. Failure to timely file a FAC will result in a recommendation that this action, as limited herein, be dismissed without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

Additionally, IT IS HEREBY RECOMMENDED that plaintiff's putative claims against defendants Lisa Garcia, Susan Miller, Anna Duffy, the California Department of Justice, the Roseville Police Department, Placer and Sacramento Counties, the California Law Enforcement Telecommunications System (CLETS), and the Sacramento Sexual Assault Felony Enforcement (SAFE) Team, be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE