UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>           Plaintiff,<br><br>    v.<br><br>ELISTON, et al.,<br><br>           Defendants. | No. 2:17-cv-2650 JAM AC P<br><br><br>ORDER |

Plaintiff, a county inmate proceeding pro se with this civil rights action, requests appointment of counsel "so my interests will be protected." See ECF No. 36.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff addresses none of these factors in his instant request for appointment of counsel, and upon review of the record the court finds that this action does not presently demonstrate the requisite exceptional circumstances warranting the appointment of counsel. Plaintiff has ably pursued this case on his own, and proceeding on his claim of excessive force against sole defendant Eliston. The case is in the discovery phase. Plaintiff has demonstrated the competency to identify any additional evidence that would support his claims and to formulate his discovery requests accordingly.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 36, is denied without prejudice.

DATED: April 5, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's discovery requests may include the following: (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (written questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.

2