UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ELISTON, et al.,<br><br>　　　　　　Defendants. | No. 2:17-cv-2650 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

This civil rights action proceeds on plaintiff's First Amended Complaint (FAC) against sole defendant Sacramento County Sheriff's Officer Eliston, for the use of excessive force during plaintiff's arrest on June 10, 2016. ECF No. 22. On March 26, 2019, the court issued a Discovery and Scheduling Order setting forth the requirements and deadlines for conducting discovery and pursuing dispositive motions. ECF No. 33. Discovery closed on August 16, 2019, which was also the deadline for the parties to file any motions necessary to compel discovery. Id. at 5.

Two matters are currently pending: (1) defendant's motion to compel discovery and for sanctions, filed August 16, 2019, ECF No. 40; and (2) plaintiff's proposed Second Amended Complaint (SAC), filed September 3, 2019, ECF No. 43. The court addresses these matters in reverse order.

////

1

The proposed SAC flatly acknowledges that plaintiff "can't prove the 'excessive force' claim," ECF No. 43 at 6, and instead seeks to challenge plaintiff's arrest on other grounds. First, plaintiff contends that his arrest by Officer Eliston for failure to register as a sex offender violated the Eighth Amendment's prohibition of cruel and unusual punishment, because he is brain damaged and schizophrenic.[1] Second, plaintiff claims that his arrest in his home, without a warrant, violated the Fourth Amendment. Plaintiff alleges that "even if probable cause existed Officer Eliston . . . failed to secure an arrest warrant because he has no respect for me, or the law." ECF No. 43 at 3-4.

In response to plaintiff's proposed SAC, defendant has filed a statement of non-opposition on grounds that plaintiff's concession relieves defendant of the only claim against him. See ECF No. 45. As defendant notes, the claims proposed in the SAC were previously screened out. See ECF Nos. 20, 25 (dismissing original complaint with leave to amend); ECF Nos. 27, 31 (authorizing this action to proceed on the FAC only on plaintiff's excessive force claim against defendant Eliston).

As this court has previously noted, plaintiff has filed "more than *forty* other cases . . . challeng[ing] his arrest and the underlying warrant based on his failure to comply with California's sex offender registration requirements." ECF No. 20 at 5 (emphasis added). In none of these cases were plaintiff's putative claims found cognizable in federal court. See e.g., Humes v. Sacramento County et al., Case No. 2:18-cv-0243 KJM CMK P, ECF No. 10 (finding that plaintiff's allegations failed to state a cognizable civil rights claim because he does not allege that any of his state convictions for failing to register as a sex offender have been overturned or expunged, citing Heck v. Humphrey, 512 U.S. 477, 483-84 (1994)), ECF No. 13 (order of dismissal).

---

[1] Plaintiff relies on People v. Sorden, 36 Cal. 4th 65 (2005). There California Supreme Court held that "the willfulness element of the offense [failing to register under Cal. Penal Code 290] may be negated by evidence that an involuntary condition – physical or mental, temporary or permanent – deprived a defendant of actual knowledge of his or her duty to register. Only the most disabling of conditions, we emphasize, would qualify under the standard we announce today. Severe Alzheimer's disease is one example that comes to mind; general amnesia induced by severe trauma is another." Sorden, 36 Cal. 4th at 69.

Plaintiff's concession that he cannot prove his excessive force claim against defendant Eliston, the omission of that claim from plaintiff's proposed SAC, and the re-assertion of claims in the proposed SAC that have been dismissed in this and plaintiff's several other cases, all support a recommendation that this action be dismissed without further leave to amend.

A further factor supporting dismissal of this case is plaintiff's complete failure to respond to defendant's discovery requests. Defendant states that on June 17, 2019, he served plaintiff by mail with special interrogatories (set one), requests for production of documents (set one) and requests for admissions (set one). See ECF No. 40. Plaintiff's responses were due August 1, 2019, but plaintiff "failed to provide[] either objections or verified responses to the written discovery propounded by defendant." ECF No. 40-2 at 2. Thus, on August 16, 2019, prior to plaintiff filing his proposed SAC, defendant filed the pending motion to compel, seeking an order of this court compelling plaintiff to provide written discovery responses[2] and $600 in sanctions for attorney fees in bringing this motion.

Plaintiff's opposition or response to defendant's discovery motion was due within 21 days after service of the motion. Local Rule 230(l). Allowing three additional days for service of both defendant's motion and plaintiff's response, Fed. R. Civ. P. 6(d) (a total of six days), plaintiff's response should have been received in this court by September 12, 2019. It was not. Plaintiff's failure to respond to defendant's motion" may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 230(l). Under Rule 37, Federal Rules of Civil Procedure, dismissal of an action is among the authorized sanctions for a party's failure to participate in discovery. See Fed. R. Civ. P. 37(b)(2)(A)(v), (c)(1)(C), (d)(3).

Moreover, plaintiff's total failure to respond to defendant's discovery requests is in violation of this court's Discovery and Scheduling Order, which provided that "[r]esponses to

////

---

[2] Pursuant to Rule 36(a)(3), Federal Rules of Civil Procedure, plaintiff's failure to timely respond to defendant's requests for admissions constitutes an admission on plaintiff's part. Thus, were this court to direct plaintiff to serve written responses, such order would address only defendant's interrogatories and production request.

3

written discovery requests shall be due forty-five (45) days after the request is served." ECF No. 33 at 4.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-61 (citations and internal quotation marks omitted).

These factors weigh in favor of dismissing the instant case. The first two factors – the public's interest in expeditious resolution of litigation, and the court's need to manage its docket – strongly support dismissal. In addition to flooding this court with repetitive complaints, each requiring the court's specific attention, plaintiff now seeks to wholly modify the allegations and claims in the instant case with matters that have already been dismissed. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal. Defendant has already been prejudiced because required to defend against a claim plaintiff now concedes he cannot prove; allowing plaintiff to proceed on previously dismissed allegations against defendant would clearly be further prejudicial. The fourth factor, the public policy favoring disposition of cases on their merits, has been rendered meaningless by plaintiff's present effort to transform the basis of this action, and thus weighs in favor of dismissal. Finally, the court finds that no sanction less drastic than dismissal is warranted under these circumstances. In sum, the undersigned finds that all five Ferdik factors weigh in favor of dismissing this case.

In conclusion, the court finds that plaintiff's complete failure to cooperate in discovery in this case, together with plaintiff's express abandonment of his only potential claim against the defendant, warrant immediate dismissal of this case.[3] Any further time spent by the court on this

---
[3] Due to plaintiff's prolific and repetitive filings in this court, the undersigned has determined that it would be a waste of judicial resources to first issue an order to show cause why this action

4

case would needlessly consume scarce judicial resources.  See Fed. R. Civ. P. 41(b); see also Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) (a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may be ground for dismissal).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice; and

2. Plaintiff's motion to compel discovery and for sanctions, ECF No. 40, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

should not be dismissed.  Plaintiff will have the opportunity to file objections to the recommendation of dismissal.